CIVIL RIGHTS COMPLAINT
42 U.S.C.S. SECTION 1983

RECEIVED
SDNY PRO SE OFFICE

2016 AUG 16  AM 9:59

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------

# 16CV6479

JOANUEL MONTANEZ-GARCIA

      Plaintiff,                                    JURY TRIAL DEMAND

CITY OF NEW YORK ET.AL.,
MAYOR BILL BLASIO (NYC).
COMMISSIONER POLICE WILLIAM BRATON(NYC)
DISTRICT ATTORNEY CYRUS VANCE JR.(NYC);          42 U.S.C.S. SECS.
ADA RYAN HAYWARD(NYC),                           1981;1983;1985;
DETECTIVE FINBARR FLEMING SHIELD 4797            1986;1987;1988;
SERGEANT JOSEPH HARTNETT (NYC),                  18 U.S.C.S. SECS.
POLICE OFFICER LEONARD BRADELY #7233,            1001;241;242;
COMPTROLLER SCOTT M. STRINGER (NYC),             U.S. CONST. AMENDS.
DEPARTMENT OF CORRECTIONS ET.AL.(NYC),           I:IV:V:VI:VIII:IX:
COMMISSIONER OF CORRECTIONS JOSEPH PONTE,        XIII SEC.1;XIV
ANNA M. KROSS CENTER ET.AL. (DOC NYC),           SEC.1.
CAPTAIN SKINNER (DOC AMKC NYC),
CAPTAIN JENNINGS (NYC DOC AMKC),
A.M.K.C.(C-95) INTAKE OFFICERS JANE DOE.
A.M.K.C.(C-95) INTAKE OFFICERS JOHN DOE.

            Defendant"s
------------------------------------


        This proceedings is brought in the form of forma pauperis
pursuant to 28 U.S.C.S. Section 1915 because plaintiff is incarce-
ate, unable to pay any fees at the present moment.See Affidavit
Statement Exhibit A 2-6.


        Pursuant to the Prison Litigation Reform Act ("PLRA") 42
U.S.C.S. Section 1997e(a), plaintiff exhausted all Administrative
Remedies including Grievance procedures due to his confinement
at the Department of correction where partial of this claims
rises. See Exhibit  G .


        Plaintiff hereby respectfully move for the entry of prelimin-
ary injunction against all defendants pursuant to Rule 65 of the
F.R.C.P. enjoining and restraining the above defendants, their agents,
employees, subordinates and successors and all persons in active
concert, pending final disposition of this action.

§ 1915.   Proceedings in forma pauperis

(a) (1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

(2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

(3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

(b) (1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--

    (A) the average monthly deposits to the prisoner's account; or

    (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

(2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

(3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action or an appeal of a civil action or criminal judgment.

(4) In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

(c) Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate [United States magistrate judge] in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title [28 USCS § 636 (b)] or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title [28 USCS § 636(c)]. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

(d) The officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases.

(e) (1) The court may request an attorney to represent any person unable to afford counsel.

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

    (A) the allegation of poverty is untrue; or

    (B) the action or appeal--

        (i) is frivolous or malicious;

        (ii) fails to state a claim on which relief may be granted; or

        (iii) seeks monetary relief against a defendant who is immune from such relief.

(f) (1) Judgment may be rendered for costs at the conclusion of the suit or action as in other proceedings, but the United States shall not be liable for any of the costs thus incurred. If the United States has paid the cost of a stenographic transcript or printed record for the prevailing party, the same shall be taxed in favor of the United States.

    (2) (A) If the judgment against a prisoner includes the payment of costs under this subsection, the prisoner shall be required to pay the full amount of the costs ordered.

        (B) The prisoner shall be required to make payments for costs under this subsection in the same manner as is provided for filing fees under subsection (a)(2).

        (C) In no event shall the costs collected exceed the amount of the costs ordered by the court.

(g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

(h) As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

INTRODUCTORY STATEMENT

1.    This is a civil litigation action seeking damages sustained
by plaintiff a citizen of the United States against all defendant's
who knowingly, willfuly, intentionally and voluntarily acted in
concert and conspiracy to violate and deprive plaintiff JOANUEL M.
GARCIA   common law rights. An action of law to redress the depr-
ivation of plaintiff constitutional and common law rights and laws
of United States and of the State of New York, under the color of
law statue, custom, or usage, of a right, privilege, and immunity
secured to plaintiff arising from false arrest made in bad faith,
prosecution, imprisonment, improperinvestigation in bad faith,
improper searches and seizures in bad faith, trespass, excessive
force in bad faith, deprivation of personal liberty, invasion of
privacy, intentionally submitted false reports, statements to support
and corroborate the fabric cated charges lodged against plaintiff
due to prejudice, bias, discriminattion and deliberate indifference.
All defendant's violates' plaintiff civil rights and deprive him
of rights, privileges, and immunities secured by the constitution
of the United States and of the State of New York to the due process
and equal protection clause due to the State of New York unreasonable
acts and conducts of their employee's, supervising officer respon-
sible for meaningful conduct, assure of proper trainning implementa-
tion of meaningful procedures to discourage lawless official condct.
As a result, plaintiff suffered and will continue to suffer pains
from psychological harm and damage, mental distress and angush,
stress, humiliation, embarrassment, fear, defamation of his chara-
cter, constitutional injury, and his reputation, financial loss,
family ties loss, and from then until now, plaintiff will continue
to suffer in the future due to the unreasonable and unconstitutional
acts and conducts of all defendant's which is sued as a person
individually and oficially under 42 U.S.C.S. Sections 1983; 1981;
1985; 1986; 1987; 1988; 18 U.S.C.S. Secs. 241; 241; 1001
and US & State Constitution.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C.S. §§ 1981;
1983; 1985; 1986; 1987; 1988; 18 USCS §§ 241; 242; 1001 and the
First, Fourth, Fifth, Sixth, Eight, Ninth, Thirtheenth, and Four-
teenth Amendments to the United states Constitutions and it laws
and pursuant to the Civil Rights Act of 1871et.al..

3.      The jurisdiction of this court predicated on 28 U.S.C.S.
§§ 1343(3) & (4); 1341(3) & (3); 1331, and the aforementioned con-
stitutional and statutory provisions. Plaintiff further invokes
supplemewntal jurisdiction of this court to hear and decide claims
arising out of state laws and constitution; Art. I §§ 1;5;6;11;.

## PARTIES

4.      Plaintiff Joanuel Montanez-Garcia, a resident of the state
of New York, and at all times relevant to the allegations of this
complaint a citizen of United States. Plaintiff is presently incar-
cerated at Rikers Island EMTC 10-10 Hazen Street East Elmhurst New
York 11370 and would also like any mailing to go to the address,
Joanuel Montanez Garcia P.O. Box 921 Patillas Purto Rico 00723, and
a copy to be mail to his place of incarceration E.M.T.C. C-76.(R.I.).

5.      At all times relevant hereto, all defendant's deprived
plaintiff of some right, privileges or immunities secured by the
United States and the State of New York Constitution and the laws
of the State of New York and of United States, and pursuant Civil
and Common law rights of 1871.

6.      During all times mentioned herein, all defendant's acted
under color of any law, state law, statute, oridance, regulation,
custom, usage or policy of United States and the State of New York.
Defendant's knowingly, willfuly and intentionallty subject  plaintiff

to the deprivation of any rights,privileges, or immunities secured
or protected by the constitution and laws of the united States and
of the State of New York.(18 U.S.S.C.S. Sec. 242), in violation.

7.    During all times mentioned, all defendant's conspire to
injure, oppress, threaten and intimidate and to force plaintiff a
resident of the State of New York, the free exercise of enjoynment
of any right or privilege secured to him by the constitution and
laws of the United States and of the State of new York. (18 U.S.C.S.
Section 241), in violation. (US & NY Const.)

8.    During all times mentioned, all defendant's impair plaintiff
of equal righjts under the law to give evidence, testify and to
confront witness, not to be discriminated, or bias, or prejudice or
deliberate indiffrence against plaintiff, but for him to enjoy the
full and equal benifits of all laws and proceedings for the secutity
of persons and property. (18 U.S.C.S. Sections 241;242;1001; 42 U.S.
C.S. Sections 1981(a)(c);1983)(US & NY Const.)

9.    During all times mentioned, all defendant's conspire to inter-
fere with plaintiff civil and common law rights by obstructing justice
deter him,by force, intimidation and threating him to witness in
court and from attending such court, testifying to matters pending
against him, freely, fully and truthfully, for the purpose of impeding
hindering, obstructing and defeating him in any manner, the due
course of justice with the intention to deny plaintif the equal
protection of the laws, to injure him or his property for lawfully
enforcing, attempting to enforce,the right of him to the equal pro-
tection of the laws of United States and the State of New York.
(42 U.S.C.S. Sections 1983; 1985\$2) (Civil Rights Act 1871)(NY Civil
Rights Law Art. 2).(U.S. & N.Y. Constitution.).

10.    During all times mentioned,all defendant's neglect to prevent
the act of conspiracy willfully, but knowingly and intentionally
having knowledge of the wrongs conspired against plaintiff about to

be commited, and having power  to prevent or aid in preventing the
commission of the wrong, neglects or refuses so to do, but allowed
such wrongful act to be committed caused plaintiff to be injured
and damage from such wrongful act, which such person by reasonable
diligence could have prevented, but intentionally furtherance such
acts of conspiracy to  willfully deprived plaintiff of rights,
privileges and immunities secured to plaintiff by the United States
Constitution and New York and the laws. (42 U.S.C.S. Sections 1983;
1985;1986) (18 U.S.C.S. Sections 241; 242; 1001);(US & NY Const.)

11.    During all times mentioned, all defendant's conspire to
deprive plaintiff of some rights,privileges or immunities secured
by the United States and the State of new York conctitution and of
the laws to United States and of the State of New York, for the
purpose of depriving, either directly or indirectly the equal pro-
tection of the laws, for the purpose of preventing or hindering
by force, intimidation by depriving him from exercising any right
privileges or    immunities. (  42 U.S.C.S. 1983;1985(3);Civil Rights
Act 1871;(US & NY Const.)

12.    During all times    mentioned, all defendant's acted ind-
ividually and in concert with others, under pretense and color of
law, state law, and his official capacity but the acts were beyodd
the scope of their jurisdiction and without authorization of law
and in abuse of their powers,and each defendant's acted willfully,
knowingly,and with specific intent to deprive plaintiff of right
to freedom from unlawful arrest, detention and imprisonment, all
which are secured by the First, Third, Fourth, Fifth,Sixth, Eight,
Ninth, and Fourteenth amendments to the Constitution of United States
and 42 U.S.C.S. Sections 1981;1983;1985;1986;1988. and of the State
of New York Constitution Art. 1 Sec. 1;5,6; 8; 11; 12;.

13.     During all times mentioned herein, all defendant's and each of them are sued as a person, acted seperately and in concett individually and in their official capacity, purposelly, wilfully, knowingly, intentionally and negligently with specific intent to discrimination of rights and privileges with prejudice, bias and acts of deliberate indifference to reach a mutal understanding to undertake a course of conduct that violated plaintiff common law and civil liberties and constitutional rights, privileges and imm- unities to the due process, substantive and procedural secured to him to wit:

a. The defendant's agreed and acted with force, threat, manipulation, intimidation, fabricated evidence with inconsistent information and statement to violate plaintiff constitutional and statutory rights and privileges tricking him into illegal waivers, subject him to guilty plea, malicious prosecuting him with excesive confinement injuring him in the process.

b. The defendant's agreed and acted to intentionally and purposefully fabricated false information's and statement arresting, detained and imprisoned plaintiff as aforedescribed.

c. The defendant's agreed and acted to intentionally to use false data and information's to fabricate the charges against plaintiff and to contrive a conviction as aforedescribed.

d. The defendant's agreed and acted negligentrly and re- cklessly conducting improper investigation in arresting and pros- ecuting plaintiff in bad faith failing to interview witnesses, to take into account thrutfull facts which they knew, probable cause, failure to train employees and the preparation of groundless reports and affidavits with incomplete, unsupported evidence as aforedescribed.

e. The defendant's agreed and acted to intentionally conduct a warrantless search and arrest on plaintiff based on a

facially defective warrant prosecuting him and confine him with
an excessive sentence, as aforedescribed.

     f. The defendant's agreed and aced to intentionally and
purposefully harrass, force, threated, oppress, intimidate and
coharse plaintiff, tricking him into waiving his statuory rights,
sighning a plee, denying of a state created right, a constitutional
protection, rights privileges and immunites to appear and speak
in his own behalf, give testimony, to introduce letters and docu-
ments, present witnesses give relevant information, gave evidence
and the right to confront witnesses and adverse witnesses as afore-
described.

     g. The defendants agreed and acted to intentionally and
purposefully submit false reports, informations, statements, test-
imony to support and corroborate the fabric cated charges lodged
against plaintiff to gain a conviction and an extensive sentence
as aforedescribed.

     h. The defendant's agreed and acted to intentionally and
purposefully practice negligent and misconduct acts in failing to
properly discipline, restrict, and control employees, including
defendant's known to be irresponsible in their dealings with citi-
zens of the community and their ability to be reponsible to follow
departmental and constitutional procedures and policies in arrest,
representation, prosesution, confinement, medical care, sentencing
and the proper conditions in handling prisoners in intake as afore-
described.

     i. The supervision defendant's agreed and acted to inten-
tionally and purposefully took b no steps to train the employees to
correct their abuse of authority or to discourage their unlawful
use of authority, including the failure to train and to instruct
them in applicable provisions of the State and Federal constitutional
law with proper prudent use of force, threat,,arrest, investigation,

searches, seizure, state law, prosecution and the use of valid
evidence as aforedescribed.

　　　　j. The supervision defendant's agreed and acted intenti-
ionally and purposefully in failing to take adequate precautions
in the hiring, promotion, and rentention of police personel, court
personel, Corrections(DOC) personel. Failing to establish and/or
assure the functiong of a <u>bona fide</u> and meaningful departmental
system for dealing with complaint of police officers, corection
officers, prosecutors and attorneys for their miscmnduct and reck-
less behavior and acts and conduct, but instead responding to such
complaints with bureaucratic power and officiale - denials calcul-
ated to mislead the public, this conduct also constitutes gross
negligence under state law.

　　　　k. The defendant's agreed and acted to intentionally and
purposefully subject plaintiff to a charge outside the procedural
track, a charge on the guilty plea that was not arrained as afore-
described.

　　　　l.The defendant's agreed and acted to intentionally and
purposefully subject plaintiff to multiple arrest of the same inc-
ident producing a Criminal Complaint on the earlier arrest which
should have been the recent arrest due to fabrication of evidence
as aforedescribed.

　　　　m.The defendant's agreed and acted to intentionally and
purposefully excessively sentence plaintiff based on a penal law
sentence on a conviction that carried a lesser sentence as afore-
described.

　　　　n.The defendant's agreed and acted to intentionally and
purposefully held plaintiff beyondd 24 hours in a holding cell at
intake befoe placing him in a housing unit which requires not more
than 24 hours a city policy by corrections as aforedescribed.

o.The defendant's agreed and acted to intentionally and purposefully held plaintiff for four days at intake before placing him in an housing unit and during the proceds, defendan's of the city of new york correction officer deprive plaintiff of medical assistance, medical treatment and medication when he ask the intake officers several times that he suffer from a deadly sicknes of HIV-positive and in need of Methadone, but when ask the officers or the supervisioneing officer's, saying that "you must wait to be placed in a dorm,... keep quiet.... we are very crowded... sleep on the floor... we have no blankets or sheets... no medication availabe ... this is winter time and we get very busy here.... so relax in the cold..." as aforedescribed.

14.     As a direct and proximate result of the above described unlawful, unreasonable, reckless and negeligent and malicious acts of defendant's City of new York employees, police officers, correction officers, assistant district attorney and their supervision officers, all committed under color of their authority, and while acting in that capacity, caused plaintiff to suffer grievous bodily harm, emotional damage, cruel and unusual punishment, nervous shock, mental and psychological disorder, distraction, Insomina, injuries to the back, waist, unable to cope with reality, restlessness, flashback, shock of the conscience, failing to recognize the difference between right and wrong, mental contradiction, chronic fatigueness, abstract thinking, mental angush, greatly humiliated, injured in his reputation, became sick, sore and mostly disabled and will suff-great pains now and will continue to suffer in the future, all of which is in violation of his rights under the laws and Constitution of the United States and of the State of New York, in particular the First, Fourth, Fifth, Sixth, Eight, Ninth, Thirteenth and Fourtheenth amendments and 42 U.S.C.S. and §§ 1981, 1983, 1985, 1986, 1987, and 1988 and 18 U.N.S.C.S. and §§ 241, 242, 1001 and NYS constitution Article 1 §§ 1, 5,6,8,11,12,14 and Civil Rights Act 1871 Et.Al. to the common law protection.

15.      As a further result of the above described acts, plaintiff Joanuel M. Garcia was deprived of his rights and immunities and privileges secured to him under the Constitution and laws of the United States and the State of new York including, but not limited to his rights under the Fourteenth amendment to be secure in his person, to be free from punishment without due process, and to the equal protection of the laws, rights under the First amendments to the freedom of speech, rights under the Fourth amendments to be secure in his person against unreasonable searches and seizures, rights under the Fifth amendment Not to be held for an infamous crime, nor put in jeppardy of life or limb; nor be deprived of life, liberty, or property, without the due process of law, rights under the Sixth amendments to a speedy trial, to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor; to the assistance of Counsel for his defence and to understand the nature and to be informed of the cause of the accusation, rights under the Eight amendments to be free from cruel and unusual punishment, and rights under the Ninth amendment to family integerety, privacy, and rights under the Thirteeenth amendments of certain rights note to be denied but to be retained, and rights under the common law rights and of the New York Constitution and of new york Civil Law Rights.

16.      The defendant City of new York is a municipal corporation within the State of New York and at all times relevant hereto, employed the other defendants, mayor, police officers, correction officers, ADA, comptroller and their supervision official's.

17.      The defendant Mayor of the City of new York Bill Blasio is employed by the City and elected by the people to adequately hire, appoint, train, supervise, disipline or in any other way control the behavior  of their subordinate defendants to enforce the laws of the State of new york and the regulations of the City of New York in execcising of their police function, correction officers function, ADA functions is evidence of the reckless lack of cautious

regard for the rights of the public including plaintiff and exhib-
ited a lack of that degree of due care which prudent and reasona
individuals would show in executing the duties of Mayor and of the
Police Commissioner, Captian of AMKC, Commissioner of Correction
and the district attorney office of new York County, and such act
was carried out wilfully, wantonly, maliciously and with such re-
ckless disregard for the consequences as to display a conscious
disregard for the  dangers of harm and injury to the citizens of
New York, including plaintiff.

18.     The defendant Commissioner of Police William Braton is
employed by the City of new York Police department. At all times
relevant he was acting as the commissioner of police as the comm-
anding officer of defendant's police officer and was responsible
for their training, supervision, and conduct. He was also respon-
sible by law for enforcing the regulations of the City of new York
Police Department and for ensuring that New York County police per-
sonnel obey the laws of the State of new York and of the United
States. At all relevant times, he was acting in such capacity as
the agent, servant, and employee of the defendant County of New York.,
He is sued individually and in his official capacity.

19.     The defendant District Attorney Cyrus Vance JR. is appointed
as the Attorney for the county of New York and was responsible for
the ADA training, supervision, and conduct, and also responsible
by law for enforcing the regulations of the County District Attorney
Office ensuring that ADA personnel obey the laws of the State of New
York and of the United States. At all relevant times, he was acting
in such capacity as the agent, servant, and employee of the defe-
ndant County of New York District Attorney Office. He is sued in-
dividually and in his officialk capacity.

20.     The defendant Joseph Ponte was dully appointed Commissioner
of the City of New York Depart.of Correction. As such he was the
commanding officer of defendants Captain Skinner, Jennings and the

A.M.K.C.(C-95) intake officers Jane and john Doe., and was res-
ponsible for their training, supervision, and conduct. He was also
responsible by law for enforcing the regulations of the City of
New York Corrections Department and for ensuring y that City of
New York Personnel obey the laws of the State of New York and of
the United States. At all times relevant, he was acting as thge
agent, servant, and employes of the defendant City of New York. He
is sued individually and in his official capacity.

21.    At all times relevant hereto, defendant's Finbarr Fleming
shield # 7293, a dective, sergeant Joseph Hartnett and police off-
icer shield # 7233 Leonard Bradely employed by the City of New York
Police Department to perform duties in the County of New York and
was assigned to the 23rd Precinct. At all relevant times, h they
was acting ia such capacity as the agent, servant, and employee of
defendant City of New York. They are sued, each and every one in-
dividually and in their official capacity.

22.    At all times relevant hereto, defendant's Captain Skinner,
Captain Jennings, intake officers "Jane & John Doe" are Correction
Officers employed by the City of New York Department of Corrections
to perform duties in the City of New York Corrections department
and was assigned to A.M.K.C.(C-95) at Rikers Island jail. At all
relevant times, they was acting in such capacity as the agent,
servant, and employes of defendant's City of New York Department
of Corrections Office of the Commissioner Joseph Ponte. Each and
every defendant's are sued individually and in their official cap-
acity.

23.    At all times relevant hereto, defendant Scott M. Stringer
was a Comptroller employed by the City of New York to perform
duties in the City of New york. At all relevant times, he was act-
ing in such capacity as the agent, servant, and employee of defen-
dant City of new York. He is sued individually and in his official
capacity.

## FACTUAL ALLEGATIONS

24.      On the 11th day of December 2015 about 11:AM., plaintiff Joanuel Montanez-Garcia was walking along 106th Street, County of New York, City of New York, State of New York between Madison Avenue and Fifth Avenue. He was carrying a backpack.

25.      While plaintiff was walking pass a Mercedes Benz, defendant Finbarr Fleming dress in plain clothes, civilian clothing, approached him without reasonable cause or notice or identifying himself or display a badge, questioning plaintiff to examine the backpack.

26.      The plaintiff asked whether he had done something wrong. When defendant Fleming did not respond, plaintiff continue walking. Fleming started to chase him pulling his gun out pointing towards him saying "stop or else I will shoot". Plaintiff was terrified, scared and shocked and was intimidated and threaten by the acts of defendant's.

27.      Several minutes later, defendant's Bradely arrived in a van, accompained with Hartenett who came in a car with other officers appeared before plaintiff. Plaintiff was physically detained & searched.

28.      Suddenly plaintiff was pushed up against a window of a parked car then pushed to the ground by defendant's Fleming, Hartnett and Bradely. In doing so Bradely and the other agents wrestled him, and Bradely applied a choke hold on plaintiff throat, temporaily cutting off his air supply and causing him extreme alarm, pains and injuries.

29.      Plaintiff was forcefully thrown to the floor and his backpack was physically removed from his back. The defendant's conduct a search of plaintiff backpack and his body without his permission.

30.      Plaintiff was then handcuffed and transported to the 23rdPrecint, although there was no grounds for the detainment, search and arrest. The defendant's failed to read plaintiff arrest rights and fail to gave him an expletion or reason for his arrest.

31.    The actions described in paragraphs 24 to 30 were committed by the defendants Bradely, Fleming and Hartnett in conjunction with other police officers in full view of the people in the street.

32.    After the aforementioned arrest of the plaintiff, defendant Bradely, Fleming and Hartnett on 11th day of December 2015, maliciously and without reasonable or probable cause or proper investigation therefor, went before a sergeant of the City of New York County of New York 23rd Precinct Police Department, a person duly authorized to administer oaths, and charged plaintiff with charges dated December 11th 2015 at 12:25 P.M. in violation of penal law 165.10 sub 2 2nd degree and 145.00 sub04A 4th degree and penal law 155.25 See Rap Sheet page 3 of 33. Arrest #M15692381.

33.    Instantly, on the date of the 11th day of December 2015 at 12:35 P.M., plaintiff was recharged with arrest # M15692381, violation of penal law 145.05; 265.01; 165.09; 155.25; & 165.40 See Rap sheet page 2 of 33 Exhibit Bp42.

34.    While defendant's and other members of the City of New York and Police Department and precinct 23rd were acting or attempting to act in defendant City of New York interest defendant's City of New York, Police Department and County of New York District Attorney Office and / or other personnel thereupon proceeded to cause, allow, and permit the hereinbefore described process to be issued of charges under arrest # M15692447 and thereafter filed against plaintiff at the Criminal Court under Case # 2015NY079991 See Exhibit Ap36-39. a Felony Complaint in the County of New York City of new York, causing restrictions on plaintiff liberty, life and happiness, including the necessity of posting bail at the court following his arrest.

35.    Defendant's knew that their acts was willful and intentional due to improper  investigation or negligence conduct based on

false and fabricated informations, data, statements and evidence. The investigation conducted by the defendants and their actions taken thereon were taken in bad faith or, in the alternative abuse of process, negligently, and the plaintiff was damaged by reason, loss of freedom, pain and suffering, arresting him and charge him with a crime which he did not commit and which the defendants should have recognized he did not committed.

36.     The arrest was conducted without a valid warrant or reasonable cause based on the basis of the actions and statements of the defendant's.

37.     On the 12th day of December 2015, plaintiff was arraigned in New York County Criminal Court under arrest # M15692447 with case/docket # 2015NY079991 with charges of ; See Exhibit A & B; ARRAIGNMENT CHARGES;

-- Auto Stripping-2nd Degree: 2 Or More Vehicles
  · PL 165.10   Sub 02         Class E Felony         NCIC 2304

-- Criminal Mischief:Intent To Damage Property
  PL 145.00    Sub 01 Counts: 2 Class A Misdemeanor NCIC 2999

-- Petit Larceny
  PL 155.25          Counts: 7 Class A Misdemeanor NCIC 2399

-- Criminal Possession Stolen Property-5th Degree
  PL 165.40          Counts: 7 Class A Misdemeanor NCIC 2804

January 07, 2016
**Convicted Upon Plea Of Guilty - Conviction Date: January 07, 2016   Sentenced to:  Term: 1 Year(s)**
                                                                       **Sentence Date: January 07, 2016**
  -- Auto Stripping-3rd Degree
   PL 165.09     Class A    Misdemeanor          NCIC 2304

38.     No criminal charges was filed under arrest # M15692381 and was dismiss. During the filing of the criminal complain at arraignment charges of criminal possession of stolen property in the 5th degree penal law 165.40 was added to the Felony Complaint. See Rap Sheet # Exhibit B p.41.

39.     On the 12th day of December 2015, in connection with or

in support of the seizure, arrainment and imprisonment to which
plaintiff was subjected as set forth hereinabove, althoughplaintiff
demanded medical attention notified the defendant's of his medical
conditions, his demands were ignored by the defendant's.

40.    Plaintiff was transported to Rikers Island A.M.K.C. Anna
M. Kross Center (C-95) by representative of the Department of Corr-
ections and placed in a holding cell awaiting placement in a house.

41.    During the date of plaintiff arrest and arrainment, he had
informed the arresting officers, dectives, Sergeant and his attorney
that he have a severe medecial condition between life and death
sufering from AIDS and other sickness and that he is ineed of mand-
atory medication for a survival.

42.    On the 12th day of December 2015 throughout the 16th day of
December 2015 about 1130 PM, representatives of the City of New York
Department of Corrections, intake officers Jane & John Doe and the
supervision officers Captain Skinner and Captain Jennings willfuly
move plaintiff from cell to cell without medical treatment as or med-
ication when plaintiff many times request medical attention but each
times he was denied his AIDS medication or Methadone. Defendant's
intentionally subject plaintiff to extreme pains due to no medicati-
on, delays in placing inmates to their housing areas, lack of staff,
or training and reckless record keeping or negaligent acts. It was
winter time and the holding cell was cold, smelly, crowdwd with res-
tless inmates, moldy and noisy. The condition of the cell and the
denial of medication caused plaintiff to be extreme sick along slee-
ping on the cold floor with no matress or blankets or sheets or pi-
llow withot showers or space to walk or eat or proper hygene treat-
ment with leaking toilet and sink water that have a horrible smell.

43.    Plaintiff suffer extreme health danger, his condition dec-
rease, feeling weak could not walk with bodily pains, mental depr-
ession, stress, mental and emotional angush and shock of the con-
science, from the acts of defendant's due to each times plaintiff

request help..

44.     Plaintiff was deprived of medical attention treatment or
medication each times he ask the correction offecer's, telling
plaintiff"that he must wait to be placed in a house" . This plai-
ntiff suffer from a deadly sickness HIV +. That failing to timely
afford him of medication cause him to suffer  cruel pains and
punishments. And from that time untill now plaintiff continue to
suffer pains and will continue to suffer in the future.

45.     On the 12th day of December 2015 throughout the 7th day
of January 2016, plaintiff was force, threaten and manipulate into
the plea of guilty. Plaintiff took the guilty plea to Auto Stripping
in the 3rd degree PL 165.09, a non arrainment charge; a class A
Misdemeanor which carried a term of maximun of one year in prison
according to the Criminal Procedure Law of the State of new York.
See Exhibit Bp 44. Doc. # 2015NY079991.

46.     During the time of incercaration, plaintiff discover that
he was sentence to a term of 2 year. Plaintiff was tricked by the
defendant's County of new York District Attorney and ADA Ryan
Hayward and his cousel-assignes to a term of 24 months for a set-
ence of a class A Misdemeanor which carries a term of 12 months.
See Exhibit  E&D p44

47.     The wrongful acts of the defendants complained of herein
were undertaken maliciously and include, without limitation.

        A. Intentionally conduct improper Investigation.
        B. Intentionally causing the arrest of plaintiff.
        C. Intentionally search and seize plaintiff without probble
           cause.
        D. Failure to interview witnesses who substantiated plaintiff
           account of his activities.
        E. Failure to follow the departmental procedures and polices
           to foll the 24 hour process in housing inmates.
        F. Failure to provide adequate or proper medical attention.
        G. Failure to follow the C.P.L. in sentencing plaintiff.

## FEDERAL CAUSES OF ACTION

48.    The allegations set forth in paragraphs 1 through 47 are incorporated herein by reference.

49.    The hereinabove described actions and omissions, engaged in under color of state authority by the defendants, including defendant City of New York, Queens County Districty Atorney Office, New York City Police Department, New York City Correction Depart- ment and Anna K M. Kross Center (C95)(DOC, NYC), sued as a person, responsible because of its authorization, condonation, and ratifi- cation thereof for the acts of its agents, deprived the plaintiff of rights secured to him by the Constitution and laws of the United States and privileges and immunities protected under the due process and equal protection clause, his first amendment right to freedom of speech, of expression, his fourth amendment right to be free from unlawful search and seizure, his fifth amendment right to a valid charges, life, liberty and happiness, due process, his sixth, ninth, eight, thirteenth and fourteeneeth amendmentents rights to due process of law and equal protection, including the right to be free from unjustified and excessive force, investigation , a proper medical care placement in a housing unit timely, legal sentensenging and excessive force utilized by police, correction officers and ADA and supervisiong officials, and the right to be free from cruel and unusual punishment.

## PENDENT CAUSES OF ACTION

50.    The allegations set forth in paragraphs 1 through 47 are repeated and realleged.

51.    Hereto fore and on or about Jan. 21st 2016 See Exhibit C+DE,G. plaintiff Joanuel Montanez-Garcia caused a writted verified Notce of Claim to be filed with and served upon the proper officers, agents, and employees of the defendant's City of New York pursuant to the

statutes in such cases made and provides. A copy of the Notice is annexed hereto as Exhibit _C&D_ , and made a part hereof.

52.    That more than thirty days have elapsed since the service of such Notice of Claim, and adjustment or payment thereof has been neglected or refused.

53.    The acts and conduct hereinbefore alleged constitute false arrest, unlawful or illegal search and imprisonment, assault and battery, medical care denial, exsessive force, extended stay in holding cell, medication refusal, abuse of process, excessive sentence, illegal sentence, prima facie tort, conspiracy tort, gross negligence under the laws of the State of New York. This Court has pendent jurisdiction to hear and adjudicate these claims.

54.    Plaintiff demand compensatory damages against the defendants and each of them, jointly and severally, in the amount of $9,990,000, and they further demand further punitive damages against the defendants, and each of them, jointly and severally in the amount of $7,990,000.00.(Exemplany Damages). Attorney's fees pursuant to 42 U.S.C.S.§ 1988. Enterning a judgement against all defendant's, of $8,990,000.00, and each of them, jointly and severally.

55.    Declaring as unconstitutional the arrest, the search, the holding cell delays in placing inmates to their housing unit, the denial of medical care and medication to plaintiff, the sentencing of a non arrainment charge, the excessive sentence based on a charge of a class A A Misdemeanor that carries a 1 year in this action.

56.    Entering a preliminary injunction and permanent restraining and enjoining all defendants from undertaking, enforcing, maintaining, or adopting any polices, procedures, practices, or acts of stopping or arresting or imprison or depays in placing inmate to housing unit or in providing proper medical care or medications to inmate in holding cell or dention or or in in investiagation or

in sentensing where enforcement officials have probable cause to believe that citizens of the United States conducting a violation of the laws. Releaseing plaintiff from E.M.T.C.(C76), City of New York Department of Correction, Commissioner Joseph Pontie where he has authority ~~wnter~~ until, pending final disposition of this action.

## FIRST CAUSE OF ACTION

57.    Plaintiff repeat, reiterate, and reallege as part of this cause of action each and every allegation contained in paragraphs 1 through 56 inclusive of this complaint with the same force and effect as if fully set forth herein.

58.    That as a result of the trespass, assault, battery,search, seizure, false arrest and illegal imprisonment, denial of medical care and medication, improper investigation, extensive delays in holding cell before placing inmates to housing units violates the corrections policies, sentence on a non arrainment charge, sentence with excessive jail time based on a class A Misdemeanor, plaintiff Joanuel Montanez-Garcia, being a citizen of the United States, was subjected to deprivation of his freely exercise rights, privileges, and immunities and to the due process and equal protection clause secured by the Constitution of the United States and the laws of the United States, sustained deprivations of his personal liberty, invasions of his privacy, unlawfull arrest, illegal confinement, and violations of his civil rights, has suffered and will continue to suffer from psychological harm, emotional injury, physical pains, mental distress, humiliation, embarrassment, fear, and defamation of his character and reputation, was prevented from attending tb his duties and underwent psychological, emotional, physical amd medical treatment, all to her damages as stated in paragraph 54 a total sum of $26,970,000.00.

## SECOND CAUSE OF ACTION

59.    Plaintiff repeat, reiterate, and me reallege as part of
this cause of action each and every allegation contained in para-
graphs 1 through 58 inclusive of this complaint with the same fo-
rce and effect as if fully set forth herein.

60.    That as a result of the trespass, assault, battery, un-
reasonable search and seizure, false arrest, illegal imprisonment,
extensive delays in holding cell, denial of medical care, wrongfull
sentense, improper investigation, and wrongful sentensing charge,
plaintiff Joanuel Montanez-Garcia, being a citizen of the United
States, was subjected to deprivations of his rights, privileges,
and immunities secured by the Constitution of the United States
and the laws of the United States, sustained deprivations of his
privacy and violations of his civil rights, has suffered and will
continue to suffer from mental distress, humilitation, mental
angush, fear, emotional distress, psychological that are protected
under the First, Fourth, Fifth, Sixth, Eight, Ninth, Thirteenth,
and Fourteenth amendments to the United States Constution and
protection under the Civil Rights Act 42 U.S.C.S. §§ 1981, 1983,
1985, 1986, 1987, 1988.

61.    That plaintiff sustained damages as stated in paragraph
58 for a total amount of each and every defendant's totaling the
sum of $26,970,000.00.

## THIRD CAUSE OF ACTION

62..    Plaintiff repeat, reiterate, and reallege as part of this
cause of action each and every allegation contained in paragraphs
1 through 61 inclusive of this comp-laint with the same force and
effect as if fully set forth herein.

63.    The failure of the City of New York suprvision officials,
Commissioners, Captain, Sergeant and Dective and District Attorney

to adequately train, supervise, discipline or in any other way co-
ntrol the behavior of the supervisors and sub-ordinate officers,
the defendant's in the exercise of their authoritive or police fun-
ctions, and their failure to enforce the laws of the State of New
York and the % regulations of their offfces or the municiplities
is the evidence of the reckless lack of cautious regard for the
rights of the publis including plaintiff and exhibited a lack of
that degree of due care which prudent and reasonable individuals
would show in executing the duties of Police Commissioner or Mayor
or Correction Commissioner or Captain or District Attorney or
Sergeant or Detective and of the Municiplicaties and that such acts
and conduct was carried out wilfully, wantonly, maliciously and
with such reckless disregard for the consequences as to display a
conscious disregard for the dangers of harm and injury to the cit-
zens of New York City including plantiff and because of the acts
alleged herein, their failure to discipline the defendants and the
continued employment of the defendants present a clear and present
danger to citizens of the City of New York. Joanuel Montenez-Garcia
sustained injuries resulted from the negligence of defendant's City
of New York in employing and continue to employ without adequate
training and supervision, police officers and assistant district
attorney, correction officers of a violent character, unsuitable
temperament, and insensitive disposition. Each and every defendan's
are sued individualy and seperately for injures and damages inclu-
ding constitutional injury against plaintiff for a total amount of
a total sum of      $26,970,000.00 as stated in paragraph 54 includ-
ing Compensatory and Punitive damages.

64.    Plaintiff demands a preliminary and permanent injunction
preventing defendant City of New York from employing the defendans
and police officers and correction officers, relecing plaintiff
untill the outcome of this case. And a declarattory judgement that
the policies, practices and acts complained are illegal and un-
constitutional.

65.     Plaintiff seeks a criminal sanction for defendant's who subject plaintiff to the deprivation of a freely exercise rights secured under the due process and equal protestion clause to the United State Constitution and the laws of United States pursuant to 18 U.S.C.S. §§ 241, 242, 1001 & U.S. Constitution Amendments 1, 4, 5, 6, 8, 9, 13, & 14 Sec. 1 and  42 U.S.C.S. §§ 1981, 1983, 1985, 1986, 1987, 1988.

## FOURTH CAUSE OF ACTION

66.     The allegations set forth in paragraph 1 through 60 incluive are incoroporated as fully set forth.

67.     Defendant's Police Officers, acting as agents and on behalf of defendant City of New Police Department, within their scope of their employment, wrongfully, maliciously and unlawfully investigate plaintiff case and place plaintiff under arrest, transported him to the precinct where he was confined.

68.     As a proximate result of defendant's unlawful arrest and imprisonment, plaintiff was greatly humiliated, injured and became sick, sore and disabled, and has suffered great pain and mental anguish all to plaintiff damage in the the total sum of amount as stated in paragraph 54, a total sum of $26,970,000.00

## FIFTH CAUSE OF ACTION

69.     The allegations set forth in paragraphs 1 through 63 inclusive, are incorporated herein as if fully set forth.

70.     Defendant's Correction Officers, acting as agents and on behalf of City of New York Department of Correction AMKC (C-95) an intake officers Jane and John Doe and Captain Skinner and Captain Jennings within the e scope of their employment, wrongfully, maliciously and unlawfully held plaintiff beyond the 24 hours policy

of the Department of Correction law before placing him in a housing
unit and in the process they wilfully and intentionally deprive him
of medical care and treatment and medications causing him to be ex-
treme sick.

71.    As a proximate result of the acts and conduct of defendan's,
plaintiff was greatly sick, suffer from cruel and unusual pains and
punishment, mental angush, emotional and psychological injury. These
defendant's are sued individually and seperately in the total sum
of the amount as stated in paragraph 54, a total sum of $26,970,000.00.
for violation of plaintiff constitutional rights.

## SIXTH CAUSE OF ACTION

72.    The allegations set forth in paragraphs 1 through 66 inclusive,
are incorporated as fully set forth.

73.    Defendant's ADA Ryan Hayward, acting as agents and on behlf
of the City of New York County of New York District Attorney Offi-
ce, within the scope of his employment, wrongfully, maliciously and
unlawfully cause plaintiff to be sentense with a non arrainment
charge and cause hihm him to be sentense to a 1 year term of an A
Misdemeanor that carries 12 months but willfully trick the a court
and plaintiff and department of correction to a sehtense of an A
Misdemeanor that carries 24 months and also tricking corrections
to have plaintiff sentenence, release in 24 months in violation of
the Criminal Procedure Law e and constitutional law. (US Const Amend
1,4,5,6,8,9,13,14) and laws of United States.

74.    As a proximate result of defendant's fraud or unlafull det-
ainment, plaintiff suffered great pains, constitutional injury,mental
angush, emotional distress, pyschological sufering, physical injury
under cruel and unusual punishment without medical care. The defen-
dant is sued individually and seperately as stated in paragraph
54.,a total sum of $26,970,000.00(18 U.S.C.S. §§ 241,242,1001).

## RELIEF REQUESTED

WHEREFORE, Plaintiff JOANUEL MONTANEZ-GARCIA, demands
the following relief jointly and severallt, against all the
defendants: All Remidies have Exbausted; No prior law suit filed.

A. Compensatory damages in the amount of $9,990,000.00.

B. Punitive damages in the amount of $7,990,000.00.

C. Additional judgements against all defendant's in the
   amountof $8,990,000.00

D. Attorney's fees pursuant to 42 U.S.C.S. §1988.

E. Entering a preliminary injunction against all defe-
   ndant's purusant to Rule 65 of  F.R.C.P. releasing
   plaintiff from imprisonment, pending final disposition of
   this action.

F. Entering a declatory judgement that the polices,
   practices, and acts and conducts complained of herein
   are illegal and unconstitutional.

G. Such other and further as this Court deem appropriate
   under the circumstances.

                              Respectfully submitted,

                              *Joanuel Montañez-Garcia*
                              Joanuel Montanez-Garcia
                              EMTC-10-10 Hazen Street
                              East Elmhurst, New York 11370

Sworn to before me on this _____
day of _____, 20_____

_____
NOTARY PUBLIC

                    30.

BKC-349-15-14092
E.M.T.C.
10-10 HAZEN STREET
EAST ELMHURST NEW YORK 11370



UNITED STATES POSTAGE
PITNEY BOWES
02 1P     $ 013.35⁰
0001806967   AUG 10 2016
MAILED FROM ZIP CODE 11355

RECEIVED
SDNY PRO SE OFFICE
2016 AUG 16 AM 10:00

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES COURT HOUSE
500 PEARL STREET
NEW YORK, NEW YORK 10007-1312



CERTIFIED MAIL

7015 1520 0002 3100 3242



Pro Se
08-15-16



USM P3
SDNY